Affirmed and Memorandum Opinion filed February 6, 2007








Affirmed and Memorandum Opinion filed February 6, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00084-CR

NO. 14-06-00085-CR

 

ARNOLD EUGENE NEAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause Nos. 906,184 &
1037749

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Appellant,
Arnold Eugene Neal, appeals his conviction for two counts of indecency with a
child on the sole ground that the trial court erred by misstating the law
regarding juror qualifications during voir dire.  Because all
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm. See Tex. R. App. P. 47.4.

During
voir dire, when explaining the qualifications for serving on a jury to the
vernirepersons, the trial court stated in pertinent part as follows:








Misdemeanors.  You=ve not been
convicted of any misdemeanor involving moral turpitude, which is
really prostitution and theft.  You=re
not awaiting trial for a misdemeanor moral turpitude, nor are you on probation
for moral turpitude misdemeanor.

Because if you are any of those
things, you see, it could prejudice you in your ability to be fair and
impartial.

(emphasis added).

Citing
Code of Criminal Procedure articles 35.16 and 35.19 and Government Code section
62.102, appellant asserts the only misdemeanor conviction that disqualifies a
potential juror is one for misdemeanor theft.  See Tex. Code Crim. Proc. Ann. art.
35.16(a)(2),(3) (Vernon 2006) (providing that the State or defendant may
challenge for cause a prospective juror on the grounds he has been convicted
of, or is under indictment or other legal accusation, for misdemeanor theft or
a felony); Tex. Code Crim. Proc. Ann.
art. 35.19 (Vernon 2006) (stating that no juror shall be impaneled when it
appears he is subject to a challenge for cause on the grounds set forth in
article 35.16(a)(2),(3), though both parties may consent); Tex. Gov=t Code Ann. ' 62.102(7),(8) (Vernon Supp. 2006)
(providing, in relevant part, that a person is disqualified to serve as a petit
juror who has been convicted of, or is under indictment or other legal
accusation for, misdemeanor theft or a felony).

Thus,
appellant complains the trial court misstated the law by erroneously expanding
the type of misdemeanor conviction that disqualifies a potential juror to
include any misdemeanor involving moral turpitude, including prostitution. 
However, any misstatement of  the law was not reversible error.  See Tex. R. App. P. 44.2(b) (providing any
error that does not affect substantial rights must be disregarded).  As far as
the record reflects, no venireperson claimed to be disqualified based on a
conviction, or pending accusation or indictment, for a misdemeanor involving
moral turpitude, including prostitution, and the trial court did not excuse any
venireperson on those grounds.








Moreover,
even if the trial court did excuse a venireperson on those grounds, there was no
reversible error.  A defendant has no right to have any particular individual
serve on the jury.  Jones v. State, 982 S.W.2d 386, 393 (Tex. Crim. App.
1998).  The defendant=s only substantial right is that the jurors who do serve be
qualified.  Id.  The erroneous excusing of a venireperson for cause
requires reversal only if the record shows the error deprived the defendant of
a lawfully constituted jury; i.e., a jury composed of qualified persons.  See
Ford v. State, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002); Jones, 982
S.W.2d at 394.  We presume that jurors were qualified absent some indication in
the record to the contrary.  Ford, 73 S.W.3d at 925.  Here, the record
does not show that appellant was deprived of a lawfully constituted jury by any
erroneous excusing of a venireperson.

Accordingly,
we overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

 

/s/        Charles
W. Seymore

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed
February 6, 2007.

Panel consists of Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).